**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BOONCHAN YANG,<br><br>Defendant. | Case No. 3:14-cr-00069-SLG |

### ORDER RE FINAL REPORT AND RECOMMENDATION

On October 9, 2020, a second superseding petition to revoke supervised release was filed against Boonchan Yang, alleging seven violations of his conditions of release.[1]  Mr. Yang denied any drug use when speaking with his probation officer.[2]  A two-day evidentiary hearing was held on the matter before Magistrate Judge Deborah M. Smith.[3]  At Docket 157 Judge Smith issued her Report and Recommendation in which she recommended that the District Court find Boonchan Yang guilty of Violations 1 and 4 of the Second Superseding Petition and further, that Violations 2, 3, 5 (DUI allegation), 6, and 7 of the Petition be dismissed.  Defendant filed an objection to the Report and Recommendation at

---

[1] Docket 114.

[2] Docket 148 at 20, 31.

[3] Dockets 147, 148.

Docket 161. The Government filed a response of no objections to the Report and Recommendation at Docket 164.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[4] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[5] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[6]

The magistrate judge recommended that the Court find Defendant Yang guilty of Violations 1 and 4 of the Second Superseding Petition and that Violations 2, 3, 5 (DUI allegation), 6, and 7 of the Petition be dismissed. Defendant's objection asserts that the magistrate judge failed to consider the possibility of outside contamination because the protective layer of the patches underlying both allegations 1 and 4 had been compromised.[7] However, on de novo review, the Court agrees with the magistrate judge's finding that a preponderance of the

---

[4] 28 U.S.C. § 636(b)(1).

[5] *Id.*

[6] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

[7] Docket 161 at 2.

Case No. 3: 14-cr-00069-SLG, *USA v. Yang*
Order re Final Report and Recommendation
Page 2 of 3
Case 3:14-cr-00069-SLG-MMS   Document 165   Filed 09/21/21   Page 2 of 3

evidence presented at the evidentiary hearing supports a finding that both Defendant committed both Violation 1 and Violation 4. Accordingly, the Court adopts the Report and Recommendation, and IT IS ORDERED that Defendant is adjudged GUILTY of Violation 1 and Violation 4. Violations 2, 3, 5, 6, and 7 are each DISMISSED.

A disposition hearing will be scheduled by separate order in due course.

DATED this 21st day of September, 2021 at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 3: 14-cr-00069-SLG, *USA v. Yang*
Order re Final Report and Recommendation
Page 3 of 3
Case 3:14-cr-00069-SLG-MMS   Document 165   Filed 09/21/21   Page 3 of 3